IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WATKINS,<br><br>        Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH,<br><br>        Respondent.<br>_____ | No. C 09-3071 MMC (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Nathaniel Watkins, challenging the validity of a judgment obtained against him in state court. Respondent has filed an answer to the petition, and petitioner has filed a traverse.

### I. FACTUAL AND PROCEDURAL HISTORY

On direct review of petitioner's conviction, the California Court of Appeal summarized the facts of petitioner's underlying offense as follows:

> According to testimony adduced at a preliminary hearing held on November 5, 2002, on the morning of October 6, 2001, the alleged victim, Mr. Chim Win, was trying to park his limousine, a Lincoln Towncar, on Ellis Street in San Francisco when he was accosted by [petitioner]. [Petitioner] entered the car via the front passenger door and, according to the victim, "grabbed my neck, and with one hand he grabbed something out of his pocket and pointed [it] to my side. . . . [Petitioner] then demanded that the victim give him "all your money." Win gave him over $70 from his pocket. Win testified that he was scared, because [petitioner] was "much bigger than I am," and that [petitioner] then pulled or pushed him into the back seat of the cab and said: "Don't do

> anything wrong or I am going to blow your head off." According to Win, [petitioner] then took his cellphone, exited the vehicle, and went into a nearby Tenderloin area hotel. Win called the police from a nearby restaurant and, within a short period of time, they found [petitioner] in the hotel he had entered and arrested him. To the police, Win identified [petitioner] as his assailant and also identified the cellphone found on [petitioner] as his.

(Ex. 6 at 1-2.)[1]

A December 2002 information charged petitioner with first degree robbery of a taxicab operator (Cal. Pen. Code § 212.5(a)) and making criminal threats (Cal. Pen. Code § 422). (CT 142-45.) The information also alleged the robbery as a serious felony within the meaning of California Penal Code section 1192.7(c)(19). (Id.) Lastly, the information alleged a 1992 conviction for felony assault and four 1994 convictions for first-degree robbery of an ATM user, in total comprising five prior strikes, five serious felony enhancements, and two prior separate prison terms. (Id.)

On April 6, 2004, after three days of jury selection, petitioner pled guilty to first degree robbery and admitted two 1994 robbery convictions, comprising one prior strike, one serious felony enhancement, and one prior prison term. (CT 298-302, 314; RT (4/6/2004) 3-5, 8, 11.) In exchange for petitioner's plea, the other charges were dismissed and the parties stipulated to a sentence of eighteen years, based on the upper term of six-years for first degree robbery, doubled to twelve-years for the second strike, plus a five-year enhancement for one prior serious felony, and one year for the prior prison term. (Id.)

On November 8, 2004, the trial judge who had taken the plea denied petitioner's motion to withdraw the plea, which motion was based on the purported discovery of two new witnesses to the charges. (CT 418; RT (11/8/2004) 2-5.) On November 9, 2004, at sentencing, petitioner's appointed counsel made an oral motion to withdraw as counsel, which motion was denied. (CT 419-20; RT (11/9/2004) 2-5, 12.) The trial court then sentenced petitioner to eighteen years in state prison pursuant to the negotiated plea bargain. (Id.)

---

[1] Unless otherwise specified, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

On September 28, 2006, on direct review, the California Court of Appeal affirmed, finding no abuse of discretion in the trial court's denial of either the motion to withdraw the guilty plea or the motion to withdraw as counsel. (Ex. 6.) On December 13, 2006, the California Supreme Court denied review. (Ex. 10.)

Petitioner thereafter filed a petition for a writ of habeas corpus in San Francisco Superior Court, which was denied in a reasoned opinion on November 16, 2007. (Ex. 11.) Petitioner next filed two habeas petitions in the California Court of Appeal and one in the California Supreme Court; the first of said petitions was denied without prejudice to refiling in the San Francisco Superior Court and the latter two were summarily denied without comment. (Exs. 12-13, 15.)

On July 8, 2009, petitioner filed the initial petition in the instant action. The petition contained six claims, five of which were found cognizable in the Court's April 19, 2010 Order to Show Cause. (Dkt. Nos. 1, 8.)[2] Thereafter, before respondent answered the initial petition, petitioner filed a First Amended Petition ("FAP"), in which he added two new claims. (Dkt. No. 10.) By order filed March 4, 2011, the Court granted respondent's motion to dismiss the two new claims as untimely and directed respondent to file an answer to the five claims in the FAP that had been found cognizable in the initial petition. (Dkt. No. 18.)

## II. DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

---

[2] In addition to the five claims found cognizable, the petition included an additional claim, by which petitioner requested an evidentiary hearing. (Dkt. No. 1 at 41.) Because a request for an evidentiary hearing is not a claim asserting constitutional error, the Court did not construe such request as a separate claim for relief.

3

1  adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an
2  unreasonable application of, clearly established Federal law, as determined by the Supreme
3  Court of the United States; or (2) resulted in a decision that was based on an unreasonable
4  determination of the facts in light of the evidence presented in the State court proceeding."
5  28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  Additionally, habeas
6  relief is warranted only if the constitutional error at issue had a "substantial and injurious
7  effect on the verdict."  Penry v. Johnson, 532 U.S. 782, 796 (2001) (internal quotation and
8  citation omitted).

      A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent."  Williams, 529 U.S. at 405-06.  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.

      Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence.  "[C]learly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  Id. at 412.  "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous."  Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

      On direct review, the Court of Appeal did not discuss the merits of the claims petitioner raises in the instant petition.  The San Francisco Superior Court, however, in its

4

1  decision on state habeas, addressed three of the five claims. (Ex. 11.)  The Superior Court
2  thus was the highest court to have reviewed those claims in a reasoned decision, and, as to
3  those claims, it is the Superior Court's decision that this Court reviews herein.  See Ylst v.
4  Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th
5  Cir. 2005).  As to the claims for which there is no reasoned opinion available, the United
6  States Supreme Court has recently clarified that a federal habeas court, in applying the
7  review provisions of 28 U.S.C. § 2254(d), looks to the result reached by the highest state
8  court, and the absence of reasoning does not prevent application of the standard of review set
9  forth in § 2254(d).  See Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011).

B.   Petitioner's Claims

As set forth in the FAP, petitioner alleges one claim of ineffective assistance of trial counsel based on counsel's failure to move to disqualify the trial judge (Claim 8).  As also set forth in the FAP, petitioner alleges four claims of ineffective assistance of appellate counsel, based on appellate counsel's failure to raise on appeal claims asserting: (a) the sentencing court violated due process when it did not exercise its authority to strike petitioner's prior convictions in the furtherance of justice (Claim 4); (b) petitioner did not enter his plea knowingly and voluntarily because the prosecution relied on false evidence to obtain the plea (Claim 5); (c) the sentencing court violated petitioner's right to due process when it sentenced him to an upper term on the robbery charge without a prior determination having been made either by the judge or a jury that petitioner's prior convictions qualified as serious felonies (Claim 3); and (d) the prosecutor engaged in misconduct by failing to turn over evidence concerning petitioner's prior convictions (Claim 7).[3]

1.   Claims 4, 5, and 8

Respondent argues petitioner's Claims 4, 5, and 8 are procedurally defaulted. Petitioner raised Claims 4, 5, and 8 in his petition for a writ of habeas corpus in the San Francisco Superior Court.  (See Ex. 11.)  In a reasoned decision, the Superior Court, citing In

---

[3] The numbering of petitioner's claims herein corresponds to the numbering of petitioner's claims in the FAP.

5

1  re Robbins, 18 Cal. 4th 770 (1998), denied petitioner relief, on the ground petitioner's three-
2  year delay in bringing said claims was unjustified.  (See Ex. 11 at 4-6);[4] see also Walker v.
3  Martin, 131 S. Ct. 1120, 1124 (2011) (holding citation to Robbins signals habeas petition has
4  been denied as untimely.)[5]

A federal court will not review questions of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  See Coleman v. Thompson, 501 U.S. 722, 729 (1991); see also Bargas v. Burns, 179 F.3d 1207, 1214 (9th Cir. 1999) (holding where state court decision rests on clearly articulated alternative grounds, one invoking state procedural bar and one addressing merits, federal court is precluded from reviewing claim).  California's timeliness rule has been found to be both independent, see Bennett v. Mueller, 322 F.3d 573, 582-83 (9th Cir. 2003), and adequate, see Martin, 131 S. Ct. at 1131.  It thus constitutes a basis for a federal district court to deny as procedurally defaulted a claim in a federal petition that was rejected for untimeliness in the California courts.  Here, because petitioner's Claims 4, 5, and 8 were denied as untimely by the California courts, they are procedurally defaulted, and, consequently, they are not subject to federal habeas review.

Procedural default, however, can be overcome if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  The "cause standard" requires the petitioner to show "'some objective factor external to the defense impeded counsel's efforts' to raise the claim."  McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  "Without attempting an exhaustive catalog of such objective impediments to

---

[4] The Superior Court also found petitioner failed to submit any documentation in support of said claims.  As discussed, infra, such alternative ground does not alter the effect of the Superior Court's denial on grounds of untimeliness.

[5] In California, a state habeas petitioner who "belatedly presents a collateral attack . . . [must] explain the delay in raising the question."  See In re Swain, 34 Cal. 2d 300, 302 (1949).  The rule in Swain "is commonly referred to as the 'untimeliness' bar."  Washington v. Cambra, 208 F.3d 832, 833 (9th Cir. 2000).

6

1  compliance with a procedural rule," the Supreme Court has noted that "a showing that the
2  factual or legal basis for a claim was not reasonably available to counsel, or that some
3  interference by officials made compliance impracticable, would constitute cause under this
4  standard." Murray, 477 U.S. at 488 (internal quotation and citations omitted).  As to the
5  prejudice prong, petitioner bears the burden of showing, "not merely that the errors at his
6  trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial
7  disadvantage, infecting his entire trial with error of constitutional dimensions." United States
8  v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).  "To ascertain the level to which
9  such errors taint the constitutional sufficiency of the trial, they must 'be evaluated in the total
10 context of the events at trial.'"  See Paradis v. Arave, 130 F.3d 385, 393 (9th Cir. 1997)
11 (quoting Frady, 456 U.S. at 169).

             a.  Cause and Prejudice

13   Petitioner asserts ineffective assistance of trial and appellate counsel as cause for his
14 failure to timely raise Claims 4, 5, and 8.  (FAP at 39-40, 48.)  Although ineffective
15 assistance of counsel can provide the cause necessary to overcome the procedural default of a
16 constitutional claim, see Edwards v. Carpenter, 529 U.S. 446, 451 (2000), the rule only
17 applies where the ineffective assistance claim is not itself procedurally defaulted, id. at 453.
18 Here, because Claims 4, 5, and 8 are themselves procedurally defaulted, they cannot serve as
19 the requisite cause.

20     Further, because petitioner fails to establish cause, the Court need not consider
21 whether petitioner suffered actual prejudice.  See Engle v. Isaac, 456 U.S. 107, 134 n.43
22 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not
23 consider whether they also suffered actual prejudice.")

             b.  Fundamental Miscarriage of Justice

25     Petitioner does not satisfy the second possible exception to procedural default,
26 namely, that the Court's failure to consider the claims will result in a fundamental
27 miscarriage of justice.  The "miscarriage of justice " exception is limited to habeas petitioners
28 who can show, based on "new reliable evidence," that "'a constitutional violation has

7

probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 324-27 (1995) (quoting Murray, 477 U.S. at 496); see, e.g., Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001) (holding petitioner must establish "factual innocence" in order to show fundamental miscarriage of justice would result from application of procedural default). In particular, petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of [such] new evidence." Schlup, 513 U.S. at 327. Here, petitioner submits no "new reliable evidence" establishing factual innocence.

Accordingly, petitioner is not entitled to habeas relief on Claims 4, 5, and 8.

2. Claim 3

Petitioner claims appellate counsel was ineffective in failing to argue that the sentencing court violated petitioner's right to due process when it sentenced him to an upper term on the robbery charge without a prior determination having been made either by the judge or a jury that petitioner's prior convictions qualified as serious felonies.[6] (FAP at 11-24.) Petitioner argues there was no evidence to support a finding that the priors constituted serious felonies because, according to petitioner: (1) the 1992 conviction for felony assault did not involve serious bodily injury (FAP at 14-15)[7]; (2) petitioner was in prison when the 1994 ATM robberies were alleged to have occurred and thus he could not have committed them (FAP at 18-19); (3) petitioner's identity was stolen and "used" to commit the aforementioned ATM robberies (FAP at 19); and (4) his criminal history is based on "false information" (FAP at 20-21).

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but "effective"

---

[6] Under California's Three Strikes Law, a sentence can be enhanced by a prior serious felony conviction. See Cal. Penal Code § 667(b)-(i); People v. Green, 36 Cal. App. 4th 280, 282-83 (1995). A serious felony includes "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice." See Cal. Penal Code § 1192.7(c)(8).

[7] As noted above, as part of petitioner's plea bargain, the allegation based on the 1992 prior conviction for felony assault was dismissed. Consequently, the Court does not address herein petitioner's argument that the 1992 conviction did not constitute a serious felony.

8

assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment claim based on ineffectiveness of counsel, a petitioner first must establish such counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687-88. Second, the petitioner must establish prejudice resulting from his counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

A federal habeas court considering an ineffective assistance claim need not address the prejudice prong of the Strickland test "if the petitioner cannot even establish incompetence under the first prong." Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998). Conversely, the court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant effective assistance of counsel on his first appeal. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland. See Strickland, 466 U.S. at 668; Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). A petitioner thus must show his counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Miller, 882 F.2d at 1434 & n.9.

Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a criminal defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "[T]he weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." Miller, 882 F.2d at 1434. Consequently, where appellate counsel "decline[s] to raise a weak issue," he or she will "frequently remain above an objective standard of competence" and, for the same reason, will have caused his client no prejudice. Id.

9

A "doubly" deferential judicial review applies in analyzing ineffective assistance of counsel claims under 28 U.S.C. § 2254. See Cullen v. Pinholster, 131 S. Ct. 1388, 1410-11 (2011). The rule of Strickland, i.e., that a defense counsel's effectiveness is reviewed with great deference, coupled with AEDPA's deferential standard, results in double deference. See Cheney v. Washington, 614 F.3d 987, 995 (9th Cir. 2010). Put another way, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable[;] [t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S. Ct. 770, 788 (2011). Moreover, because Strickland's standard for assessing defense counsel's effectiveness is a "general" one, state courts have "greater leeway in reasonably applying [that] rule," which in turn "translates to a narrower range of decisions that are objectively unreasonable under AEDPA." See Cheney, 614 F.3d at 995 (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Here, appellate counsel reasonably could have concluded petitioner's plea foreclosed petitioner's claim of sentencing error. Under California law, "if, as part of a bargain, [a defendant] finds it advantageous to admit an enhancement which the prosecution may be unable to prove, [applicable authority] does not prevent the court from giving effect to that admission." See People v. Jackson, 37 Cal. 3d 826, 836 (1985), overruled on other grounds People v. Guerrero, 44 Cal. 3d 343, 348 (1988); see also People v. Couch, 48 Cal. App. 4th 1053, 1057-58 (1996) ("The fact that a defendant has received a benefit in return for agreeing to accept a specified sentence is itself sufficient to estop that defendant from later seeking to unfairly supplement this benefit by mounting an appellate attack on the trial court's imposition of the specific sentence which the defendant agreed to accept."); People v. Witherow, 142 Cal. App. 3d 485, 488 (1983) ("In sentencing a defendant to an upper term pursuant to a plea bargain the court, in stating its reasons for that sentence choice, need only give the bargain as its reason and need not give any other reason." (internal quotation and citation omitted).) Consequently, any claim that the prior conviction allegations should have been tried to a judge or jury would have failed on appeal.

Accordingly, petitioner is not entitled to habeas relief on this claim.

3.  <u>Claim 7</u>

Petitioner claims appellate counsel was ineffective in failing to argue that the prosecutor engaged in misconduct by failing to turn over evidence concerning petitioner's prior convictions. (FAP at 45-46.) Specifically, petitioner argues:

> The information filed by the D.A. deals with [petitioner's] Priors which are Plea Bargains. . . . The Prosecution knew that they would be seeking 3 STRIKES when they filed the Information, yet failed to provide Copies of the Original Plea Agreements to defense counsel in Bad Faith. The discovery would have allowed [petitioner] to peruse the prior plea agreements so [the] defense could Specifically determine if [petitioner] did in fact, commit ATM, First Degree robberies as alleged in the filed information.

(FAP at 45 (emphasis in original).)

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The duty to disclose such evidence applies even when there has been no request by the accused. <u>United States v. Agurs</u>, 427 U.S. 97, 107 (1976). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

Under California law, evidence is not deemed suppressed unless the defendant was actually unaware of it and could not have discovered it by the exercise of reasonable diligence. <u>See People v. Salazar</u>, 35 Cal. 4th 1031, 1048-49 (2005) ("Although the prosecution may not withhold favorable and material evidence from the defense, neither does it have the duty to conduct the defendant's investigation for him. If the material evidence is in a defendant's possession or is available to a defendant through the exercise of due diligence, then, at least as far as evidence is concerned, the defendant has all that is necessary to ensure a fair trial, even if the prosecution is not the source of the evidence.")

Here, petitioner cannot show he did not know about the existence of the plea agreements in his prior cases. Indeed, he was in the best position to know that those

11

1 convictions arose from plea agreements and to know the terms of such plea agreements.
2 Further, petitioner makes no showing that had copies of the plea agreements been provided,
3 "the result of the proceeding would have been different." See Bagley, 473 U.S. at 682.
4 Rather, petitioner only claims he was deprived of an opportunity to "peruse" the prior
5 agreements to determine if he "did in fact, commit ATM, First Degree robberies." (FAP at
6 45.) Consequently, any claim that the prosecution improperly withheld evidence would have
7 failed on appeal.

8 Accordingly, petitioner is not entitled to habeas relief on this claim.[8]

9 C.   Certificate of Appealability

10 The federal rules governing habeas cases brought by state prisoners require a district
11 court that issues an order denying a habeas petition to either grant or deny therein a
12 certificate of appealability. See Rules Governing § 2254 Cases, Rule 11(a).

13 A judge shall grant a certificate of appealability "only if the applicant has made a
14 substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the
15 certificate must indicate which issues satisfy this standard, id. § 2253(c)(3). "Where a
16 district court has rejected the constitutional claims on the merits, the showing required to
17 satisfy    § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable
18 jurists would find the district court's assessment of the constitutional claims debatable or
19 wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

20 Here, petitioner has not made such a showing, and, accordingly, a certificate of
21 appealability will be denied.

22 //
23 //
24 //
25 //
26 //

---

[8] In light of the above findings, the Court does not address herein respondent's alternative argument that petitioner's claims are barred by AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is hereby DENIED, and a certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: June 28, 2012

MAXINE M. CHESNEY
United States District Judge